IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| VICKI REAZER-KREMITZKI, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 17-cv-3298 |
| ) | |
| CMP ENTERTAINMENT (USA) INC., ) | |
| ) | |
| Defendant. ) | |

## OPINION

**RICHARD MILLS, U.S. District Judge.**

The matter before the Court is Plaintiff Vicki Reazer-Kremitzki's Motion to Strike Affirmative Defenses (d/e 6). For the reasons stated below, Plaintiff's Motion is GRANTED IN PART and DENIED IN PART. The Court strikes Affirmative Defenses No. I, II, IV, and V without prejudice and with leave to amend. The Court strikes Affirmative Defense No. VII with prejudice. The Court does not strike Affirmative Defense No. VI.

## I. BACKGROUND

In March 2017 Plaintiff's husband, John Kremitzki, was killed and another man, Gregory T. Hoffman,[1] was injured when they fell down a hole and landed on concrete twenty feet below at a location that was being leased by Defendant CMP Entertainment (USA) Inc. for a concert. In November 2017, Plaintiff filed a Complaint in the Circuit Court of Sangamon County, Illinois, alleging wrongful death/negligence on the part of the Defendant. In December 2017, Defendant removed the matter to this Court on the basis of diversity jurisdiction and filed its Answer and Affirmative Defenses (d/e 4). Defendant raises seven affirmative defenses. Plaintiff has moved to strike Affirmative Defenses No. I, II, IV, V, VI, and VII pursuant to Federal Rule of Civil Procedure 8.

## II. LEGAL STANDARD

When a defendant responds to a pleading, the defendant must affirmatively state any avoidance or affirmative defense. Fed. R. Civ. P. 8(c). Rule 8(c)(1) lists several affirmative defenses,

---

[1] Gregory T. Hoffman has also filed a lawsuit that is now pending before Judge Sue E. Myerscough of the United States District Court for the Central District of Illinois, Case No. 17-cv-03299. A Motion to Consolidate these cases for the purpose of discovery is currently pending.

including estoppel, laches, statute of limitations, and waiver. Fed. R. Civ. P. 8(c)(1). However, the list is not exhaustive. See Native Am. Arts, Inc. v. Waldron Corp., 254 F.Supp.2d 1041, 1045 (N.D.Ill. 2003); 5 Charles Alan Wright & Arthur R. Miller, Federal Practice And Procedure § 1271 (3d ed.2004).

Pursuant to Rule 12(f) of the Rules of Civil Procedure, the Court may strike from a pleading "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Motions to strike are generally disfavored because such motions often only delay the proceedings. See Heller Fin., Inc. v. Midwhey Powder Co., Inc., 883 F.2d 1286, 1294 (7th Cir.1989). However, if a motion to strike removes unnecessary clutter from the case, then the motion serves to expedite, not delay, the proceedings. Id.

Generally, a court will strike an affirmative defense only if the defense is insufficient on its face. Heller, 883 F.2d at 1294 (also providing that a court will ordinarily not strike an affirmative defense if it is sufficient as a matter of law or presents questions of law or fact). Because affirmative defenses are pleadings, they are subject to the pleading requirements of the Federal Rules of Civil

Procedure and must set forth a "short and plain statement" of that defense. Id., citing Fed. R. Civ. P. 8(a).

Although the Seventh Circuit has not addressed whether the pleading standard set forth in Bell Atl. Corp. v. Twombly, 530 U.S. 544 (2007) and Ashcroft v. Iqbal, 556 U.S. 662 (2009) applies to affirmative defenses, several courts in this Circuit have found that the Twombly/Iqbal pleading standard does apply to affirmative defenses. See Sarkis' Café, Inc. v. Sarks in the Park, LLC, 55 F.Supp.2d 1034, 1038 (N.D.Ill. July 3, 2014) (citing cases). These courts examine whether the defendant states an "affirmative defense to relief that is plausible on its face." SEC v. Sachdeva, No. 10–C–747, 2011 WL 933967 at *1 (E.D.Wisc. Mar. 16, 2011). However, whether the Twombly/Iqbal pleading standard applies likely makes little difference. Factual allegations that were sufficient before Twombly and Iqbal will likely still be sufficient, and "bare bones" affirmative defenses have always been insufficient. See Shield Techs. Corp. v. Paradigm Positioning, LLC, No. 11 C 6183, 2012 WL 4120440 at *8 (N.D.Ill. Sept. 19, 2012). In any event, if an affirmative defense is defective, leave to

amend should be freely granted as justice requires under Federal Rule of Civil Procedure 15(a). See Heller, 883 F.2d at 1294.

### III. ANALYSIS

Plaintiff moves to strike Affirmative Defenses No. I, II, IV, V, VI, and VII. Defendant asserts that the defenses are properly pleaded or were pleaded in an abundance of caution. Defendant requests leave to amend any defenses the Court strikes.

### A. The Court Strikes Affirmative Defense No. I as Insufficiently Pled.

Plaintiff moves to strike Defendant's Affirmative Defense No. I, which states: "Plaintiff fails to state a cause of action" in Counts I and II "and the same should be dismissed."

This Court addressed a nearly identical affirmative defense in Acuity Optical Labs., Inc. v. Davis Vision, Inc., No. 14-3231, 2014 WL 5900994, at *2 (C.D. Ill. Nov. 13, 2014). There, as here, the Court notes that courts have not always agreed whether failure to state a cause of action is a proper affirmative defense. Id. at *2, citing Jackson v. Methodist Med. Ctr. Of Ill., No 06-1235, 2007 WL 128001, at *2 (C.D.Ill. Jan. 11, 2007). "However, even those courts

that allow the affirmative defense to be raised require more than a bare recitation of the legal standard." Id.

Defendant has requested this defense not be struck because Plaintiff is not required to respond to this defense and because it causes no prejudice to Plaintiff. However, like the Respondent in Acuity Optical Labs, Defendant has done no more than recite the legal standard. Therefore, the Court strikes Affirmative Defense I as insufficiently pled.

## B. The Court Strikes Affirmative Defense No. II as Redundant.

Plaintiff next argues the Court should strike Defendant's Affirmative Defense No. II, which states: "Plaintiff's alleged damages were not caused by CMP's conduct, but rather were the result of intervening or superseding acts or omissions of others over which CMP could not exercise control." Plaintiff argues that this defense is redundant because causation is an element of Plaintiff's case. Pl. Memo. at 2, citing Acuity Optical Labs., Inc., 2014 WL 5900994, at *7.

Defendant concedes that courts have dismissed this affirmative defense as repetitious of a denial of proximate

causation. See Def. Resp. at 6, citing F.D.I.C. v. Mahajan, 923 F.Supp.2d 1133, 1141(N.D. Ill. 2013). Defendant argues that the Court should not strike this defense because it puts Plaintiff on notice the Defendant plans to argue that there were other causes for his injuries. Defendant has also requested this defense not be struck because Plaintiff is not required to respond to this defense and because it causes no prejudice to Plaintiff.

Defendant's arguments are not convincing. Striking this affirmative defense does not bar the Defendant from asserting that there was an intervening or superseding cause for Plaintiff's injuries or asserting that Plaintiff did not meet "his burden with respect to the element causation. However, such issues are properly raised at summary judgment and trial, not in the form of an affirmative defense." F.D.I.C., 923 F. Supp. at 1141. The Court, therefore, strikes Affirmative Defense No. II as redundant.

### C. The Court Strikes Affirmative Defense No. IV as Redundant.

Plaintiff argues that the Court should strike Affirmative Defense No. IV, which states: "The sole proximate cause of the injuries alleged in Plaintiff's Complaint, to the extent they exist,

were the actions taken by individuals over whom CMP had no control." Plaintiff argues that, like proximate cause, lack of control cannot be an affirmative defense in a negligence case because Plaintiff bears the burden of proof on the issue of control.

Defendant concedes that Plaintiff bears the burden of proving this element, but Defendant argues this affirmative defense is still justified given the allegations in Plaintiff's complaint. Specifically, Plaintiff alleges in the Complaint that Defendant "improperly controlled" the premises, whereas Defendant's affirmative defense alleges Defendant did not control the individuals who proximately caused Plaintiff's injuries. See Def. Resp. at 7. However, as both parties agree that Plaintiff bears the burden on the issue of lack of control, Defendant's denial in the Complaint already addresses any necessary denial on lack of control. Therefore, the Court strikes Affirmative Defense No. IV as redundant.

### D. The Court Strikes Affirmative Defense No. V as Insufficiently Pled.

Plaintiff moves this Court to strike Defendant's Affirmative Defense No. V, regarding set-off. This defense states:

> If CMP's is found to be liable to Plaintiff, which liability CMP denies, it is entitled to a set-off against any judgment equal to the amount of money received by Plaintiff from any other person, entity, or party, the purpose of which was, in whole or in part, to compensate Plaintiff for injuries or damages claimed in this lawsuit.

Plaintiff argues that this affirmative defense is improperly raised because Defendant has no independent claim for recovery against Plaintiff.

Courts in this Circuit have not reached a consensus as to whether a right of set-off is allowed as an affirmative defense. Compare Prof'l Serv. Indus., Inc. v. Dynamic Dev. Co., LLC, No. 14-CV-06363, 2017 WL 6039870, at *8 (N.D. Ill. Dec. 6, 2017) (setoff is not an affirmative defense because it does not defeat a plaintiff's right of action and is more properly brought as a counterclaim) and JPMorgan Chase Bank, N.A. v. Mal Corp., No. 07 C 2034, 2009 WL 804049, at *6 (N.D. Ill. Mar. 26, 2009) (Set-off is only appropriate where a defendant has made an independent claim for recovery against a plaintiff) with Hoagland v. Armor, No. 17-cv-3046, 2017 WL 4547913, at *3 (C.D. Ill. Oct. 12, 2017) (finding setoff was properly brought as an affirmative defense where the

right to setoff concerned allegations outside the plaintiff's prima facie case and could not be raised by denials alone).

However, Federal Rule of Civil Procedure 8(c) requires a party to "affirmatively state any avoidance or affirmative defense." Fed. R. Civ. P. 8(c)(1). Set-off is properly pled as an avoidance of some or all liability, regardless of whether it is an affirmative defense. See H.D. Smith Wholesale Drug Co. v. Crawford, No. 11-CV-3448, 2012 WL 2503100, at *3 (C.D. Ill. June 28, 2012). Further, by pleading set-off, the Plaintiff has been put on notice that set-off will be at issue in the case.

Nonetheless, this defense has not been sufficiently pled. The defense does not contain any factual allegations to support it, and merely asserts set-off against any possible source. In response to Plaintiff's motion, Defendant argues that the Complaint shows that the University of Illinois is another potential defendant in this matter and that Plaintiff would be aware of any potential tortfeasors with whom she has settled her cause of action. However, the defense is significantly more generalized as written and would appear to cover set-off against anybody, not just the University of Illinois or other potential defendants in this action.

Therefore, the Court strikes Affirmative Defense V as insufficiently pled.

### E. The Court Does Not Strike Affirmative Defense No. VI.

Plaintiff next argues the Court should strike Affirmative Defense No. VI, which states:

> If CMP is found to be liable to Plaintiff, which liability CMP denies, and any fault constitutes less than 25% of the total fault attributable to the Plaintiff, CMP, and any third-party defendants, then CMP shall only be severally liable for any damages proven by Plaintiff, as set forth in 735 ILCS 5/2-1117.

Much like Affirmative Defense V, the Court finds Affirmative Defense VI is properly pled as an avoidance of some or all liability and serves to put Plaintiff on notice that joint and several liability may be at issue in the case. While Plaintiff argues there are no other defendants in the case at this time, the Affirmative Defense applies absent additional defendants—for instance, it would apply if the Plaintiff were found more than 75% at fault. The Court, therefore, will not strike Affirmative Defense No. VI.

### F. The Court Strikes Affirmative Defense No. VII

Plaintiff also seeks to strike Affirmative Defense No. VII, which alleges: "CMP reserves the right to raise additional

affirmative defenses as they may become known during the course of discovery." Plaintiff argues that it is improper to reserve the right to add affirmative defenses under the Federal Rules. Pl. Memo. at 5, citing F.D.I.C. v. Mahajan, 923 F. Supp. 2d 1133, 1141 (2013). Defendant concedes that only the Court has the authority to allow amendments to pleadings. See Def. Resp. at 9, citing Acuity Optical Laboratories Inc., 2014 WL 590094, *8, and Cent. Laborers' Pension, Welfare & Annuity Funds, 2011 WL 4381429, at *2 (a party cannot reserve a right to amend its pleadings). Therefore, the Court strikes Affirmative Defense No. VII. Defendant may file a motion to amend if discovery reveals additional affirmative defenses.

## IV. CONCLUSION

Ergo, the Motion to Strike Affirmative Defenses [d/e 6] is GRANTED IN PART and DENIED IN PART.

The Court strikes Affirmative Defenses No. I, II, IV and V without prejudice and with leave to amend. The Court strikes Affirmative Defense No. VII with prejudice.

The Court declines to strike Affirmative Defense No. VI.

If the Defendant chooses to amend any of the affirmative defenses, Defendant shall do so on or before May 30, 2018.

**ENTER: March 2, 2018**

**FOR THE COURT:**

**/s/ Richard Mills**
**Richard Mills**
**UNITED STATES DISTRICT JUDGE**